UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRICE SIGHTLER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 15-cv-02235-LAB (DHB)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**<br><br>**(ECF No. 49)** |

On August 16, 2016, the parties filed a Joint Motion for Protective Order to help facilitate the exchange of documents expected to be exchanged between the parties. (ECF No. 49.) Based on the stipulation between the parties, the Court hereby **GRANTS** the Joint Motion and issues the following Protective Order:

1. The following documents are confidential and subject to this Protective Order:

    a. CITY000001-000048; 000057-000090; 000208-000275 and 000463; 000532-000617; 000622-000707; 000709-000861 and 000875-000950; and audio recordings of internal affairs interviews.

    b. Any documents that Defendant City of San Diego produces in response to Plaintiff's Second Set of Requests for Production, which includes requests for Category Numbers 55 to 80.

///
///

2. All documents specified in Paragraph 1 will be designated as "Confidential" by stamping, typing or designating the documents as such. If there is an inadvertent production of documents that bear pages containing an improper designation, those pages may be re-designated by providing written notice to the receiving party. Upon receiving a designation or re-designation via written notice, the receiving party shall treat the document pages according to the confidential designation.

3. Deposition testimony or other testimony may be designated "Confidential" either before the testimony is given, at the time the testimony is given, or at any time thereafter. The transcript of the designated testimony shall be bound in a separate volume and marked by the court reporter with the appropriate legend as directed by the designating party.

4. Documents containing information designated "Confidential" shall not be disclosed or used for any purpose other than the defense, prosecution, or settlement of this Proceeding, unless all such confidential information is redacted. For purposes of this Order, "proceeding" means the matter captioned *Demetrice Sightler v. City of San Diego, SDPD Officer Dave Nisleit, SDPD Officer Benjamin McCurry, and DOES 1-30,* Case No. 15cv2235 LAB (DHB) in the United States District Court for the Southern District of California.

5. Unredacted "Confidential" documents may be seen only by:
   a. this Court, the Ninth Circuit Court and their personnel;

   b. attorneys working on this action on behalf of any party and such attorneys' employees and independent contractors who are involved in the preparation and trial of this action;

   c. independent experts and consultants, including experts or consultants who are not retained or are not expected to testify (pursuant to Paragraph 6 of this Protective Order);

   d. court reporters, videographers, commercial copy services, translators, demonstrative exhibit preparers, trial consultants, and data and computer support organizations hired by and assisting the attorneys for any party;

    e. any person from whom testimony is taken, where such person was an author or a recipient of the designated document or where counsel for the designating party has, either before or during the deposition, approved the disclosure of such documents to that person, except that such person may not retain any such documents;

    f. the individual parties and officers, directors and employees of any party; and

    g. federal, state or local law enforcement agents pursuant to subpoena, warrant, or in the course of an investigation of criminal wrong-doing.

Neither unredacted "Confidential" documents nor the confidential information contained therein shall be disclosed to any other persons.

6. Unredacted "Confidential" documents may only be shown to those persons identified in Paragraphs 5(c) and 5(e) above when disclosure of the documents is necessary for purposes of this Proceeding and the disclosing party has obtained written agreement, in the form attached hereto as EXHIBIT A for individuals and EXHIBIT B for organizations, by the person or entity receiving the disclosure to be bound by this Protective Order and to consent to the jurisdiction of the United States District Court for the Southern District of California for purposes of enforcing this Protective Order.  The attorney for the party retaining the expert or consultant or subpoenaing the witness identified in Paragraph 5(c) or (e) above shall retain the written agreement for the duration of the litigation.

7. If any party, agency or individual, who has received unredacted "Confidential" documents, is served with a subpoena or other judicial process demanding the production or disclosure of such documents, the receiving party, agency or individual shall redact the confidential information, or alternatively:

    a. shall provide all parties hereto with a copy of such subpoena or other judicial process within ten days following receipt thereof;

   b. shall inform the subpoenaing party that the requested documents are governed by the terms of the Protective Order in this case; and

   c. shall not disclose or produce unredacted "Confidential" documents unless (i) the subpoenaed party receives written permission from the designating party, or (ii) the designating party fails to file a motion to protect disclosure of such documents.

8. If unredacted "Confidential" documents produced in accordance with this Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the party that produced the documents, shall make every possible effort to prevent any further disclosure by it or by the person(s) who received such documents.

9. This Protective Order shall not restrict disclosure of unredacted "Confidential" documents to the Court, its personnel, or any appellate court or federal district court in accordance with this paragraph. All materials filed with this Court that include documents containing unredacted confidential personal information designated "Confidential," or confidential personal information taken from such documents, shall be filed with personal confidential information redacted. If, however, the confidential personal information is relevant and necessary evidence and therefore cannot be redacted, the parties agree they will seek to file all such documents under seal pursuant to a stipulation between the parties in accord with the Local Rules for the Southern District of California. All unredacted "Confidential" materials shall be filed in sealed envelopes or other appropriately sealed containers on which shall be recorded the title of this action, the general nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

   **FILED UNDER SEAL AND SUBJECT TO PROTECTIVE ORDER**

10. This Order shall be without prejudice to the right of any party to this action to bring before the Court at any time the question of whether any particular information is or is not "Confidential." This includes the ability to question whether a document filed under seal was appropriately designated "Confidential." Whenever a party to the Proceeding objects to the designation of unredacted documents as "Confidential," and if agreement by the parties cannot be reached as to categorization, the objecting party may apply to the Court for an order re-designating such unredacted documents, and, if applicable, unsealing such documents. The designating party shall have the burden of sustaining the designation.

11. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

12. Upon final adjudication of this Proceeding, unless otherwise agreed to in writing by an attorney for the producing party, any party that has received unredacted "Confidential" documents shall, after storing them for the period of time called for by contract, State Bar guidelines, or any applicable state or federal law, destroy such unredacted "Confidential" documents. However, notwithstanding this requirement, counsel may retain a record of the action, including but not limited to the following:

    a. its correspondence file;

    b. its pleadings file;

    c. any briefs or appendices on appeal;

    d. all work product of counsel, including but not limited to notes, outlines, legal research and document drafts; and

    e. those portions of deposition transcripts and accompanying exhibits that

have not been marked confidential and subject to this Protective Order.

13. The terms of this Protective Order shall survive and remain in full force and effect after the termination of the Proceeding.

14. The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

IT IS SO ORDERED.

Dated: August 17, 2016

_____
DAVID H. BARTICK
United States Magistrate Judge

## Exhibit A

## AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER

The undersigned has read the foregoing Protective Order entered by the Court in *Demetrice Sightler v. City of San Diego, et al.*, Case No. 15cv2235 LAB (DHB), in the United States District Court for the Southern District of California. I understand its contents, and hereby undertake and agree to abide by its terms including, without limitation, those terms regarding the use of any unredacted document designated "Confidential" (as defined by the Protective Order), and any unredacted confidential information contained therein. The undersigned agrees to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms and conditions of the Protective Order.

Dated: _____

_____
Name (Print or Type)

_____
Signature

_____
Company (if applicable)

# Exhibit B

## AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER

The undersigned, as an authorized representative of the organization specified below, has read the foregoing Protective Order entered by the Court in *Demetrice Sightler v. City of San Diego, et al.,* Case No. 15cv2235 LAB (DHB), in the United States District Court for the Southern District of California. I understand its contents, and hereby undertake and agree to abide by its terms including, without limitation, those terms regarding the use of any unredacted document designated "Confidential" (as defined by the Protective Order), and any unredacted confidential information contained therein, apply to the organization and its employees, representatives, and agents, and that the company shall take responsibility for any violations of the Protective Order by any of its employees, representatives and agents who receive such documents. The organization further agrees to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms and conditions of the Protective Order.

Dated: _____

_____
  Name (Print or Type)

_____
  Signature

_____
  Company