UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRICE SIGHTLER,<br><br>                               Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                               Defendants. | Case No.:  15-cv-02235-LAB (DHB)<br><br>**ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**(ECF No. 58)** |

On February 6, 2017, Plaintiff Demetrice Sightler ("Plaintiff") and Defendant City of San Diego ("City") filed a Joint Motion for Determination of Discovery Dispute. (ECF No. 58.)  Plaintiff seeks an order determining the sufficiency of the City's responses to Plaintiff's Requests for Admission Nos. 4, 5, 6, 8, and 9. (*Id.* at pp. 1-2.)  After reviewing the Joint Motion, the Court **DENIES** Plaintiff's motion, as set forth below.

**I.   BACKGROUND**

On October 7, 2015, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 against the City and several officers of the San Diego Police Department. (ECF No. 1.) On June 13, 2016, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 20.)  In the FAC, Plaintiff brings claims against all Defendants for unlawful detention/arrest and excessive force, and claims against the City for failure to properly train

and failure to supervise and discipline, as well as a *Monell* claim for unlawful practice, policy, and custom. (*Id.*)

Plaintiff served his First Request for Admissions on the City on November 23, 2016. (ECF No. 58 at pp. 3, 8.)[1] The City served its responses to the First Request for Admissions on December 23, 2016. (*Id.*) Thereafter, the parties met and conferred regarding the sufficiency of the City's responses, but were unable to resolve the dispute, and filed the present joint Motion on February 6, 2017. (*Id.*; ECF No. 58-1.)

## II.  DISCUSSION

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Under Rule 36 of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).

---

[1] Plaintiff references a "McBride Decl.," which purportedly attaches copies of the First Request for Admissions and the City's responses, but he did not file the declaration or exhibits on the docket. (*See e.g.*, ECF No. 58 at p. 3, lines 3, 15-19.) As the Joint Motion quotes the full requests and responses, however, and there does not appear to be any dispute over the content of the quoted requests and responses, the Court finds it has sufficient information to rule on the present motion.

In response to a written request, a party may admit the fact, specifically deny it, or state in detail why the party cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id*. "The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

If the requesting party contends that the response is insufficient, the party may "move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). If the court finds that an answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." *Id*. Ordinarily, the court should "first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed." *Asea, Inc*., 669 F.2d at 1247. However, "this determination, like most involved in the oversight of discovery, is left to the sound discretion" of the court. *Id*.

Here, Plaintiff contends the City's responses to Requests for Admissions Nos. 4, 5, 6, 8, and 9 are insufficient, and requests that the Court order the City to supplement its responses to (1) specifically admit or deny the requests, or (2) state in detail why the City cannot truthfully admit or deny these matters. (ECF No. 58 at p. 7.) After review of the relevant requests and the City's responses, as well as Plaintiff's suggested clarifications regarding certain undefined terms in the requests, the Court does not find the City's responses to be insufficient. The Court finds the City has sufficiently stated in detail why it cannot truthfully admit or deny Requests for Admissions Nos. 4, 5, 6, 8, and 9. Accordingly, the Court **DENIES** Plaintiff's motion.

IT IS SO ORDERED.

Dated: February 22, 2017

LOUISA S PORTER
United States Magistrate Judge